Kenneth Walter ANDERSON, Jr.,
Petitioner—Appellant,

v.

William DUNCAN, Warden; et al.,
Respondents—Appellees.

No. 01–15357.

D.C. No. CV–96–01772–EJG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2003.

Decided Aug. 28, 2003.

---

8. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

9. *See Matter of J–E—*, 23 I & N at 299–304.

10. *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001).

Bradford C. Lewis, Asst. U.S. Atty., Brenda Simons, Heather Mewes, Fenwick & West, Palo Alto, CA, Kenneth Walter Anderson, Jr., Pro se, San Luis Obispo, CA, for Petitioner-Appellant.

Justain P. Riley, DAG, Attorney General's Office, Janis Shank McLean, Federal Public Defender's Office, Sacramento, CA, for Respondent-Appellee.

Before REINHARDT, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM**

Petitioner–Appellant Kenneth Walker Anderson ("Anderson") appeals the district court's denial of his habeas corpus petition seeking review of his 1991 second degree murder conviction and resulting 15–year to life sentence. Because we conclude that Anderson, a seriously mentally disabled individual with retarded intellectual functions, was not properly advised of the sentencing consequences of his guilty plea, we reverse.

Anderson's plea and sentence resulted from the robbery-murder of another homeless man. The prosecution conceded that Anderson's role in the crime was secondary to that of his co-defendant. Anderson, who has a long history of mental illness and depression, claims that he understood he was to receive a flat 15–year sentence if he pled guilty and the record of the entry of his plea and his later sentencing supports his claim. When entering his plea, Anderson was asked by the state trial court judge if he understood that his plea subjected him to a sentence of 15 years to life and the record shows no response—not even a nod of the head:

> THE COURT: Mr. Anderson and Mr. Martin, do you understand that on a plea of guilty to these charges, you will be sentenced to the State Prison and that the term of imprisonment for you, Mr. Anderson, would be 15 years to life.

> Do you understand that, sir?

> DEFENDANT ANDERSON: [no response]

The record shows no follow-up or pursuit of a response to this critical question. Nor does Anderson's later sentencing provide any indication that he was advised of the nature of his sentence (15 years vs. 15 years to life). Indeed, the only mention of his sentence at all came in the following comment by the sentencing court:

> THE COURT: Following your commitment to the State Prison, you will be subject to parole for the rest of your life.[1]

Prior to Anderson's sentencing, he was examined at length by Dr. Albert Globus, M.D., a board-certified psychiatrist and neurologist. Dr. Globus' report, which was available to and considered by the sentencing court, examined Anderson's childhood (including physical abuse and abandonment), his intelligence (tested IQ

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Later, at sentencing, the Judge stated, "I would also inform you at this time, sir, that at the expiration of your period of incarceration, you will be placed on parole for the remainder of your life unless it is waived for good cause by the Board of Prison Terms." Such a statement can only have further confused Anderson's understanding of his sentence.

of 83) and concluded that Anderson was a seriously disabled individual, suffering from lifelong depression, with intellectual functions in the retarded range—all likely related to the organic integrity of his brain.

While not governed by Federal Rule 11, a state court plea colloquy must still satisfy minimum constitutional requirements: it must reflect "an affirmative showing that [the plea] was intelligent and voluntary," *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and it must show that it was entered by a defendant "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Under the circumstances as described above, the plea colloquy, in and of itself, fails to reflect that the plea was entered intelligently and voluntarily. There is simply no indication that Anderson understood that his sentence was 15 years to life. To the contrary, a fair reading of the transcript reveals that Anderson, a person of severely diminished mental capacity, could have understood that his sentence would be 15 years with lifetime probation. Furthermore, the sentencing judge was aware of Anderson's diminished mental capacity and failed to take even the most basic precautionary measures.

The state court's determination that Anderson understood the maximum sentence to which he was pleading was unreasonable in light of the available facts. *See* 28 U.S.C. § 2254(d). We reverse the denial of the habeas petition and remand to the district court with instructions to grant the petition unless the state agrees to grant Anderson a new trial within a reasonable period of time.

REVERSED.

SILER, Circuit Judge, dissenting.

I respectfully dissent, for I believe that the state court's determination that Anderson understood the maximum sentence for the crime to which he was pleading was not "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor was it based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This quotation is from ADEPA, which requires us to give some deference to the state court's findings.

The petitioner relies primarily upon the decision in *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In that case, however, the trial court that accepted the plea asked no questions of the defendant concerning his guilty plea and the defendant did not address the court. This record provides much more, although it does show a period of silence after the court asked the petitioner if he understood this sentence. The colloquy between the court and the petitioner could have been better, but we are only required to determine if the state court unreasonably determined the facts from this evidence. I would find that it did not, so I would affirm the denial of the writ. The Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000), held, in connection with the language in 28 U.S.C. § 2254(d)(1), that "an *unreasonable* application of federal law is different from an *incorrect* or *erroneous* application of federal law." The definition of "unreasonable" should be the same under § 2254(d)(2). Therefore, even if we think the state court's determination of the facts was incorrect or erroneous, it still is a reasonable

580

decision, as found by the district court here.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.